**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4048

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RASHAAD ALMADD COX,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:19-cr-00528-CCE-1)

Submitted: January 10, 2022                          Decided:  February 8, 2022

Before GREGORY, Chief Judge, RICHARDSON, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:**  Stacey D. Rubain, QUANDER & RUBAIN, PA, Winston-Salem, North Carolina, for Appellant.  JoAnna Gibson McFadden, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rashaad Cox pleaded guilty to possession with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Cox to 115 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court fully complied with Fed. R. Crim. P. 11 in accepting Cox's guilty plea and whether the sentence is procedurally and substantively reasonable. Cox has filed a pro se supplemental brief contending that trial counsel rendered ineffective assistance and that the district court erred in calculating his criminal history category. The Government has moved to dismiss the appeal pursuant to the appellate waiver in Cox's plea agreement. For the reasons that follow, we affirm in part and dismiss in part.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id.* To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotations marks omitted). Generally, "if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant

2

understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines the defendant understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1). The court must also ensure that the plea is voluntary and not the result of any threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that there is a factual basis for the plea, Fed. R. Crim. P. 11(b)(3). Because Cox did not seek to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted).

We have thoroughly reviewed the record and conclude that the district court fully complied with the requirements of Rule 11, and ensured that Cox was competent to plead guilty and was pleading guilty knowingly and voluntarily. Moreover, our review of the record confirms that Cox knowingly and voluntarily waived his right to appeal his convictions and sentence, with limited exceptions not applicable here. We therefore conclude that the waiver is valid and enforceable and that the sentencing issues counsel and Cox raise on appeal fall squarely within the scope of the waiver.

3

In his pro se supplemental brief, Cox also seeks to raise a claim of ineffective assistance of counsel. However, the record does not conclusively show that trial counsel was ineffective. *See United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008) (holding that "[i]neffective assistance claims are generally not cognizable on direct appeal . . . unless it conclusively appears from the record that defense counsel did not provide effective representation" (internal quotation marks omitted)). Thus, this claim should be raised, if at all, in a motion under 28 U.S.C. § 2255.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious issues outside the scope of Cox's valid appellate waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the scope of the waiver. We affirm as to any issue outside the scope of the waiver. This court requires that counsel inform Cox, in writing, of the right to petition the Supreme Court of the United States for further review. If Cox requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cox.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4